UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROY GLENN LEWIS, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO.  3:05-CV-606 RM |
| v. ) | |
| ) | |
| FAMILY AND SOCIAL SERVICES ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Roy Glenn Lewis, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Lewis alleges that the Miami County office of the Family and Social Services Administration took and mistreated his son, and refuses to allow his son to write to him at the jail. Child custody, visitation, and the termination of parental rights are not within the jurisdiction of the federal courts. The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism. Moore v. Sims, 442 U.S. 415 (1979), extended the Younger doctrine to include child custody cases. So, too, visitation and the termination of parental rights are beyond the scope of a federal court.

Additionally,

> The Rooker-Feldman doctrine [*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)] . . . establish[es] the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions. Furthermore, the Rooker-Feldman principle extends to claims that are inextricably intertwined with the state-court judgment such that the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. The pivotal question, then, is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. To put

2

it another way, the key inquiry is whether the district court is in essence being called upon to review the state-court decision.

<u>Lewis v. Anderson</u>, 308 F.3d 768, 771-772 (7th Cir. 2002) (citations and quotation marks omitted.)

Mr. Lewis is understandably concerned about the issues involving his son, the school, the prosecutor, and the state public welfare system, but federal court is not the proper place to address these concerns.

For the foregoing reasons, this complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: October 11 , 2005

                                  /s/ Robert L. Miller, Jr.
                                  Chief Judge
                                  United States District Court